## CIRCUIT COURT OF THE CITY OF RICHMOND

William R. Tulloh

   v.

Virginia Employment Commission
and The Trugreen Co.

June 11, 2004

Case No. CH04-168

BY JUDGE MELVIN R. HUGHES, JR.

The above styled case is before the court on appeal from a decision of the Virginia Employment Commission (VEC). VEC denied William R. Tulloh unemployment compensation benefits on the ground that he voluntarily left his employment.

Tulloh was employed with The Trugreen Company as a sales representative. He was employed from January 2003 to July 2003. As a sales representative, Tulloh was expected to work extra hours when the sales team did not meet its goals. On July 17, 2003, Tulloh was told that he would have to work on a Saturday. He was also advised that, in the event he could not work, he was to call the branch manager. Upon telephoning the branch manager, Tulloh told of a prior commitment that would prevent him from working on Saturday and also stated that, if required to work, he would quit. During a heated conversation that ensued, the branch manager informed Tulloh that he would accept his immediate resignation. Minutes later, Tulloh packed his things and left the premises. The branch manager was later informed that Tulloh had announced before departing that he had been fired.

On this appeal, Tulloh disputes the events as found by the VEC just summarized. Rather, he states in this appeal that, during the telephone conversation, the branch manager became agitated, that he never mentioned

quitting, and the manager said he was not going to wait until Saturday because he was quitting today, meaning that he was fired. All agree and the VEC found that the telephone conversation was interrupted by a loss of signal over a cell telephone line.

An Appeals Examiner took evidence from witnesses and decided to deny Tulloh's request for unemployment benefits on the ground that he voluntarily left employment without good cause as provided in Va. Code § 60.2-618(1). When the case went forward before the Commission it, through a Special Examiner, affirmed the Hearing Examiner's decision to deny Tulloh benefits on the basis of leaving employment voluntarily without good cause.

Under Virginia Code § 60.2-618, a claimant is disqualified from receiving unemployment compensation "if the Commission finds such individual is unemployed because he left work voluntarily without good cause."

Virginia Code § 60.2-625(A) provides a claimant the right to judicial review, providing that "[i]n any judicial proceedings under this chapter, the findings of the Commission as to the facts, if supported by evidence and in the absence of any fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." The Court of Appeals has ruled that a trial court must "consider evidence in the light most favorable to the finding of the Commission." *Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 626 (1987).

The Appeals Examiner found that there was credible evidence that Tulloh stated that he was quitting his job, based on the testimony of two employer witnesses. This finding of fact, being supported by credible evidence, is conclusive. Based upon this finding, the Examiner ruled that Tulloh voluntarily left his job. This finding is the basis of the Examiner's ruling and the court should not reverse the outcome as confirmed by the Commission. Tulloh argues that his employer did not meet its burden of showing that he voluntarily left his job, as required under *Kerns v. Atlantic American, Inc.*, Comm'n Decision 5450-C (September 20, 1971). However, if the evidence supports a finding that an employee explicitly stated that he was quitting, the burden is met.

Tulloh also claims that, even if he voluntarily left, he did so with good cause. In his Petition for Appeal, he asserts that the Commission ignored this argument. The Examiner, however, did address this in his opinion. The Examiner discussed the precedent regarding good cause, limiting the application of this exception to disqualification to "those factors or circumstances which are so substantial, compelling, and necessitous as would leave the claimant no other reasonable alternative other than quitting his job." Further, employees may only seek protection of the good cause

exception if they have acted reasonably under the circumstances. Evidence of good cause is the burden of the claimant. *Kerns*. The Examiner found that Tulloh took no steps to resolve the heated conversation with his employer except later calling corporate headquarters. Based upon this finding, the Examiner found that the employer's simply using bad language on the telephone did not amount to good cause. The evidence supports the Examiner's findings of fact that Tulloh did not act the way a reasonable person who desired to keep his job would have acted. Therefore, under the standard of review made and provided for this court on appeals of these cases, the court must deny Tulloh's appeal and affirm the outcome as determined by the Commission.